# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF INDIANA
### South Bend Division

| | |
|---|---|
| IN RE: Cynthia Ann Holcomb, Debtor ) | Case No: 08-34272-hcd |
| ) | Chapter: 7 |
| ********************************* ) | Judge Harry C. Dees, Jr. |
| Cynthia Ann Holcomb ) | |
| ) | |
| PLAINTIFF ) | |
| Vs. ) | |
| ) | Adversary Proceeding |
| SLM Corporation (a/k/a Sallie Mae) and/or ) | Number _____ |
| Educational Credit Management Corp. ) | |
| USA Funds, US Dept of Education ) | |
| Direct Loan Servicing Center ) | |
| University Accounting Service/Indiana University ) | |
| ) | |
| CREDITORS-CORESPONDENTS ) | |

## MOTION TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS PURSUANT TO 11 USC § 523(a)(8)

Comes now the Debtor-Plaintiff, Cynthia Ann Holcomb, requesting this Court to determine the dischargeability of her student loans which were made prior to August 20, 2010; and, in support thereof, the Debtor-Plaintiff avers as follows;

### FACTS OF THE CASE

1) FACT: On December 2, 2008, the Debtor-Plaintiff, Cynthia Ann Holcomb, filed for bankruptcy protection under Chapter 13. The Case #08-34272-hcd was converted to Chapter 7 bankruptcy code on August 20, 2010 and was discharged on November 29, 2010 by Judge Harry Dees; the Discharge under Section 727 of Title 11 is hereto attached as EXHIBIT A. This Court has jurisdiction over this action under 28 USC § 1334. This proceeding is a core proceeding.

2) FACT: It is true that the student loans are governed by 11 U.S.C. § 523 and usually are not dischargeable; however, the Debtor-Plaintiff is seeking the Court's protection under 11

1

U.S.C. § 523 (a)(8) known as the undue hardship rule. The Debtor-Plaintiff's Schedules A through J were filed with the Chapter 7 Bankruptcy Proceeding Case# 08-34272-hcd and are on file with this Court. The Debtor-Plaintiff's current Social Security Disability is verified by the Social Security Disability Deposit attached hereto as EXHIBIT B. The Debtor-Plaintiff's Chapter 7 was a "no asset" case. The Debtor-Plaintiff surrendered and quitclaimed the 1458 Bridge Water Way, Mishawaka, IN condo back to Deutsche Bank, Et al and did not reaffirm the debt on the 2006 Suzuki Aerio. The Debtor-Plaintiff currently resides in a rental at 1702 Longwood Court, Goshen, IN 46526. It is true that any payments made on the student loans would cause undue hardship to the Debtor-Plaintiff and the Debtor-Plaintiff would have to choose between necessary medical attention for her disability or payment of the student loans which would be unconscionable; the Debtor-Plaintiff's current budget is attached hereto as EXHIBIT C.

3) FACT: The Debtor-Plaintiff's education was under the supervision of Elkhart Vocational Rehabilitation Office and the Debtor-Plaintiff's plan was administered by Counselor James Allen #A05JA052; the case number is listed under the Debtor-Plaintiff's social security number. The Debtor-Plaintiff was being vocationally rehabilitated for her medical condition and her medical record from the University of Chicago Hospitals is hereto attached as EXHIBIT D. The Vocational Rehabilitation reference is attached as EXHIBIT D1. The admitting diagnosis on Exhibit D states the "Patient has had six joint arthroplasties. Bilateral total shoulders 1991. Bilateral total hip arthroplasties 1992. Bilateral total knee arthroplasties 1993." The cause of the Avascular Necrosis in 1991 was related to a steroid given to the Debtor-Plaintiff in 1988 for a subdural hematoma. An arthus reaction to IV steroids given in 1988 manifested in the Debtor-Plaintiff in 1991 and caused Volkmann's Contracture of the Haversian System (bone system) to all load bearing joints, commonly known as Avascular Necrosis (AVN) or Bone Death. Due to the death of Lawrence A. Pottenger, M.D., the

Debtor-Plaintiff's lower extremity surgeon and Biomet part designer, the Debtor-Plaintiff is currently under the care for pain (Dr. Schrock) and Avascular Necrosis (Dr. Klaassen) at the Orthopedic and Sports Medicine Center (OSMC); see the Debtor-Plaintiff's left and right knee X-Rays completed on 03/01/2012 hereto attached as EXHIBITS E & F. You will note the fractures that continue to happen on a daily basis and the holes generated around the prostheses by the Debtor-Plaintiff's Avascular Necrosis (AVN). The pain and suffering of the Debtor-Plaintiff is preventing gainful employment.

4) Fact: Undue hardship is met by the Debtor-Plaintiff according to the Brunner Test, based on Brunner v. New York State Higher Education Services Corp., 831 F. 2d 395 (2d Cir. 1987):

   a) Fact: The Debtor-Plaintiff cannot maintain a "minimal standard of living" for herself if required to repay the student loan payments per month. The Debtor-Plaintiff would have to choose between needed healthcare or student loan payments. This statement is fact and is supported by the Debtor-Plaintiff's minimal budget hereto attached as Exhibit B filed with this motion. (Note: per the Census Bureau the median income for one in the State of Indiana is $45,427 per year; the Debtor Plaintiff nets $24,288 per year.)

   b) FACT: Health deterioration, or "additional circumstances exist indicating that this state of financial affairs of the Debtor-Plaintiff is likely to persist in hardship" due to the Debtor-Plaintiff's disability and unemployment for all or a significant portion of the repayment period of the student loans (see attached Exhibits E, f, & G). The Debtor-Plaintiff requires two knee prostheses removal and replacements which are at "high risk" at best for the Debtor-Plaintiff; see EXHIBIT G hereto attached (Dr. Klaassen's narrative and surgery recommendation). These statements are fact and are supported by the Debtor-Plaintiff's medical records which are attached as Exhibits E, F, & G.

   c) FACT: The Debtor-Plaintiff has made "good faith" effort to repay the loans by attempting to become employable, though her deteriorating medical condition of AVN

3

has not allowed her to do so. The Debtor-Plaintiff has been in contact with the student loan agencies and has applied for an income-based or contingent repayment plan hereto attached as EXHIBIT H. The good faith statement is fact and it is supported by the Trustee's report that the prior Chapter 13 payment plan (in which the Debtor-Plaintiff made all payments on the Student Loans to the Trustee) was up to date until the Debtor-Plaintiff requested protection under the Chapter 7 Code of Title 11.

## STATEMENT OF THE LAW AND ARGUMENT

The Debtor-Plaintiff did make student loans with the defendants; however, the standard for determining the Dischargeability student loans in bankruptcy is governed as follows:

> **A discharge under section 727 . . . of [Title 11] does not discharge an individual debtor from any debt . . . for an educational benefit overpayment or loan** made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, <u>**unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor**</u> and the debtor's dependents.
>
> 11 U.S.C. §523(a)(8).

The phrase "undue hardship" is not defined anywhere in the Code; thus it is a factual determination to be made by the Court, In re Cline, 245 B.R. 617, 620 (Bkrtcy. W.D. Mo. 2000). In the Eight Circuit, Courts look to the "totality of the circumstances" to determine whether discharge is appropriate in a particular case, Id., In re Andrews, 661 F.2d 702, 704 (8th Cir. 1981). This standard is applied according to three principles: (i) the current and future financial resources of the debtor and the debtor's dependents; (ii) the debtor's reasonable living expenses; and (iii) any other facts that apply uniquely to the particular case, In re Cline, 248 B.R. 347 (B.A.P. 8th Cir. 2000) (citing Andrews).

(i) Debtor-Plaintiff's financial resources, now and in the foreseeable future, are quite minimal. Debtor-Plaintiff does not work, is living on a modest income from Social Security Disability, and due to her disability has continual medical expenses leaving no expendable income. In Cline, the debtor had an advanced degree and Debtor-Plaintiff does not, and during the period in question, the Cline debtor made approximately $25,000.00 per year, a sum exceeding what Debtor-Plaintiff nets. Meanwhile, the amount due on the loans in Cline was not as great as what Debtor-Plaintiff owes in this

case; yet the District Court granted Cline a discharge of her student loan debt, Cline, 245 B.R. at 621, and the Eighth Circuit Bankruptcy Appellate Panel affirmed. Cline, 248 B.R. at 351. The Debtor-Plaintiff receives $2,068 net from Social Security Disability monthly. This is her only form of income (see Exhibit B).

(ii)  The "necessary reasonable living expenses" for the Debtor-Plaintiff are also not excessive. The Eighth Circuit Bankruptcy Appellate Panel, in upholding the ruling of the lower court, found that the debtor in Cline had as much as a $328.00 surplus each month, even while paying modest rent on a townhome. Debtor-Plaintiff pays modest rent of $500 and still has scarcely enough money to pay for minimal expenses each month, foregoing entertainment and household expenses out of necessity. Additionally, the Cline Court noted that "going over Cline's expenses dollar for dollar in order to find every possible way to boost a surplus is not reasonable given that the overall total remains fairly minimal." 248 B.R. at 351.

(iii) Other factors, considered in the light of Cline, which buttress Debtor-Plaintiff's argument for discharge include the fact that: Cline had no disability, Debtor-Plaintiff does; Cline was 35, Plaintiff is 54; Cline reasonably declined a payment plan extending her payments out for 35 years, Debtor-Plaintiff does not wish to find herself with no hope of financial recovery for 25 years; Cline obtained higher paying jobs but requested transfers because she couldn't handle the new responsibilities and stress...the Debtor-Plaintiff has sought jobs that she can handle; but, remains unemployable due to her disability and constant pain. The key phrase used by the District Court, upheld by the Eighth Circuit, is that "like some debtors, Ms. Cline obtained an education that was not worthwhile to her financially. To require her to pay for that decision for the rest of her working life would indeed impose an undue hardship on her." This is particularly true in Debtor-Plaintiff's case, when the loss of her education investment was not due to her own actions but her disability coming out of remission. The Debtor-Plaintiff has no excess expendable income and to require her to pay student loans would require her to not pay her necessary medical bills.

Based upon the foregoing, Debtor-Plaintiff is entitled to discharge of her Student Loans because failure to do so would be both an undue hardship and unconscionable.

WHEREFORE, the Debtor-Plaintiff, Cynthia Ann Holcomb, prays and respectfully requests relief under 11 U.S.C. §523(a)(8) and states that the Dischargeability of student loans, such as those held by the defendants, is governed by 11 U.S.C. §523(a)(8); and, that repayment would impose an "undue hardship" on the Debtor-Plaintiff.

Respectfully submitted June 22, 2012,

By: _____
Cynthia Ann Holcomb, Debtor-Plaintiff, *Pro se*
1702 Longwood Court, Goshen, IN 46526
(574) 536-947

5

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Indiana
Case No. 08-34272-hcd
Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Cynthia Ann Holcomb
1702 Longwood Court
Goshen, IN 46526

Social Security / Individual Taxpayer ID No.:
xxx-xx-2290

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 11/29/10

Harry C. Dees, Jr.
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**EXHIBIT A**

012279                4 3 5 0 7 0 1 2 2 9 1 0 1 5

**CHASE** ◯

JPMorgan Chase Bank, N.A.
P O Box 659754
San Antonio, TX 78265-9754

April 17, 2012 through May 15, 2012
Account Number:                 ...23



| CUSTOMER SERVICE INFORMATION | |
|---|---|
| Web site: | Chase.com |
| Service Center: | **1-800-935-9935** |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

00085280 DRE 111 142 13712 NNNNNNNNYNN T  1 000000000 11
CYNTHIA A HOLCOMB
1702 LONGWOOD COURT
GOSHEN IN 46526-1469

## IMPORTANT INFORMATION REGARDING ATM TRANSFERS

Please note that we are extending our ATM cutoff time for transfers between Chase accounts to better serve you. For transfers and deposits at most Chase ATMs, the cutoff time is 11 p.m. Eastern time. For ATMs with an earlier cutoff, the ATM screen will notify you of the cutoff time. We hope you enjoy this added convenience.

This change updates your Deposit Account Agreement under the Funds Availability Policy section, the second bullet under "When Your Deposit is Received." This change applies to Chase personal checking and savings accounts as well as Chase business checking and savings accounts. All other terms of your account agreement remain the same. If you have any questions, please refer to the phone number on your statement or visit your nearest Chase branch.

## CHECKING SUMMARY | Chase Checking

| | AMOUNT |
|---|---|
| **Beginning Balance** | $108.57 |
| Deposits and Additions | 2,077.50 |
| Checks Paid | - 963.24 |
| ATM & Debit Card Withdrawals | - 197.92 |
| Electronic Withdrawals | - 963.57 |
| **Ending Balance** | **$61.34** |

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| 04/30 | Credit Due To Debit Card Dispute | | $9.50 |
| 05/03 | US Treasury 30 Xxsoc Sec | PPD ID: 3031036030 | 2,068.00 |
| **Total Deposits and Additions** | | | **$2,077.50** |

*Soc Sec Disability Verification*

**EXHIBIT B**

Page 1 of 4

CURRENT INCOME AND EXPENSE - 06/22/2012          CYNTHIA ANN HOLCOMB   #08-34272-hcd

| | | | |
|---|---|---|---|
| INCOME | $ 2,193.50 | Social Security Disability Income | |
| | $ 96.50 | Medicare Premium | |
| | $ 29.00 | Prescription Premium | |
| | $ 2,068.00 | Net Monthly Social Security Disability Income | |
| | | | |
| EXPENSES | $ 500.00 | Rent | |
| | $ 105.00 | Goshen Water & Sewer/Trash | |
| | $ 319.34 | Auto - Capital One Auto (high interest from Bankruptcy) | |
| | $ 130.13 | Insurances | |
| | $ 61.68 | Geico Car Insurance | |
| | $ 195.72 | Gas & Electric | |
| | $ 82.00 | Cell Phone (must have for emergencies) | |
| | $ 35.00 | Prescription copays | |
| | $ 10.00 | IU Hospital - Monthly Payment | Hospital/Out Pt Service |
| | $ 10.00 | IU Hospital - Monthly Payment | Hospital/Out Pt Service |
| | $ 10.00 | IU Hospital - Monthly Payment | Hospital/Out Pt Service |
| | $ 10.00 | IU Hospital - Monthly Payment | Hospital/Out Pt Service |
| | $ 10.00 | IU Hospital - Monthly Payment | Hospital/Out Pt Service |
| | $ 10.00 | IU Physicians - Monthly Payment | Heart |
| | $ 10.00 | South Bend Clinic - Monthly Payment | Thyroid |
| | $ 10.00 | OSMC - Monthly Payment | Bone/Pain |
| | $ 17.42 | License Plate ($209.05 yr) | |
| | $ 115.00 | Vehicle Fuel/Lube/Maint | |
| | $ 45.00 | Clothing/Foundations | |
| | $ 350.00 | Food | |
| | $ 35.00 | Laundry/Cleaning Supplies | |
| | $ 2,071.29 | | |

$ (3.29) Net DEFICIT for General Practitioner Co-Pay/Eye/Dental and ?
       (These things come out of the Debtor-Plaintiff's Food/Clothing Budget)

EXHIBIT C

# University of Chicago Hospitals — Radiology Report

**Patient:** HOLCOMB, CYNTHIA  **DOB:** 05/25/1958  **Sex:** F  **Medical Record** •••

**Attending:** James W. Ryan, MD
**Status:** Signed (final)
**Urgency Desc:** Signed (final)

**Day Number:** 0333

**Admitting Diagnosis:**
**Clinical Data:** Patient has had six joint arthroplasties. Bilateral total shoulders 1991. Bilateral total hip arthroplasties 1992. Bilateral total knee arthroplasties 1993. Evaluate for loosening or avascular necrosis.

**Referring MD:** Lawrence A. Pottenger, MD
**Referring Service:**
**Patient Location:** Orthopedics General

## Exam Results:

**Exam:** Bone Scan by 3 Phase Technique

COMPARISON: No previous bone scans in our section.

DOSE: 26.0 mCi Tc-99m HDP intravenously.

FINDINGS: Three-phase imaging of the knees was acquired along with blood pool images of the anterior shoulders and hips. In addition, standard delayed imaging including whole-body images and spot views of the anterior and posterior pelvis were obtained.

There is a focus of increased activity near the distal tip of the femoral component on the left. There is mildly increased periprosthetic activity involving the left greater trochanter. The the right hip shows no significant periprosthetic abnormalities. There is slightly increased periprosthetic activity bilaterally in the knees. This is slightly more pronounced in the left compared with the right. There is no significant periprosthetic increase noted in either shoulder.
The early blood pool images show a mildly increased focus corresponding to the site of increased activity at the tip of the left femoral component. No other significant focal abnormality noted in the blood pool images and there is no significant asymmetry in perfusion to the knees.
There is slightly increased activity in the ankles and feet. No other focus of increased activity is noted to indicate a significant bony lesion.

Activity is present in both kidneys and the bladder.



IMPRESSION:

1. Probable loosening noted in the distal aspect of the femoral component of the left hip arthroplasty.

2. No other significant abnormalities to indicate loosening in the right hip or either shoulder.

3. The increased periprosthetic activity around the knees is of uncertain significance. Standards for abnormality in the bone scans following knee arthroplasties are not as well-defined as they are with arthroplasties involving the hips.


Mitchell E. Daniels, Jr., Governor
Anne Waltermann Murphy, Secretary
State of Indiana



"People helping people help themselves"

*Division of Disability and Rehabilitative Services*
1659 Mishawaka Street
Elkhart, IN 46514

| | | | |
|---|---|---|---|
| TTD: | (574) 264-3723 | Phone: | (574) 262-2086 |
| VP: | (574) 264-5693 | Toll Free: | (877) 847-9897 |
| | | Fax: | (574) 264-6487 |

Jun 04, 2009

Cyndi Holcomb   *Case # is 01- & my Social Secur/ #*
1702 Longwood Ct.
Goshen, IN 46526

Greetings:

This is to announce that the Elkhart Vocational Rehabilitation Office is moving on or about June 11, 2009. Our new location will be 1659 Mishawaka Street, Elkhart, IN 46514.

Our office telephone number and fax number are changing. Our new phone number is (574) 262-2086 and the fax is (574) 264-6487.

We are told that we will be unavailable for two days through this moving process.

Your patience and cooperation during this period will be greatly appreciated. Thank you.

Sincerely,

James Allen
VR Counselor  *# A05 JA052*

Equal Opportunity / Affirmative Action Employer



**EXHIBIT D1**

# Left Knee Avascular Necrosis (AVN)



**EXHIBIT E**

# Right Knee Avascular Necrosis (AVN)



**EXHIBIT F**

| OSMC Elkhart | OSMC Goshen |  | OSMC Middlebury | OSMC Nappanee |
|---|---|---|---|---|
| 2310 California Road<br>Elkhart, Indiana 46514<br>Phone: 574-264-0791 ~<br>Toll Free: 1-800-398-2058<br>Fax: 574-262-5183 | 1615 Winsted Drive<br>Goshen, IN 46526<br>Phone: 574-533-0300 | Michiana's Leading<br>Musculoskeletal Resource | 54938 SR 13<br>Middlebury, IN 46540<br>Phone: 574-825-8685 | 3000 North Main Street<br>Nappanee, IN 46550<br>Phone: 574-773-2499 |

## OFFICE VISIT NOTE

**PATIENT:** Cynthia A. Holcomb
**DATE OF BIRTH:** 05/25/1958
**AGE:** 53 Years          **GENDER:** Female
**OFFICE VISIT DATE:** 03/01/2012 8:30 AM
**REFERRING PHYSICIAN:** Alan Bierlein, MD
**PRIMARY CARE PROVIDER:** Alan Bierlein, MD

**PHYSICIAN:** MARK A. KLAASSEN MD

### HISTORY OF PRESENT ILLNESS
**Chief Complaint 1: Bilateral Knee pain .**
**Onset Date:** 10year(s) ago
**Location:** below knee prosthesis
**Pain at Worst:** severe (10)     **Pain at Best:**
**Quality (character):** / sharp / stabbing
**Context / Aggravated by:** walking / bending
**Relieved by:** rest / immoblization
**Associated Signs, Symptoms and Other Characteristics:** crepitus / swelling
**Comments:** She had bilateral total knees done in 1993 in Chicago. She states the surgeon who did the surgery is now deceased. She had a bone scan done in 2002 which she states showed mild loosening. She has lost height per a bone density scan between her knees and ankles. She has osteopenia and osteoporosis. She has bilateral knees with osteolysis and loosening of the femoral component and she will need revisions long stemmed. This will be a big surgery and she is at high risk. She also has bilateral hip replacements with wear of the polyethylene.
**Chief Complaint 2: Left Lumbar Spine pain .**
**Onset Date:** 4month(s) ago
**Location:** lumbosacral area / sacrum
**Pain Severity on Average:** moderate (5-6) **Scale:**
**Quality (character):** / aching / burning  - constantly
**Context / Aggravated by:** sit to stand / lying down / moving
**Relieved by:** sleeping on her back with her knees "frogged out" / s
**Associated Signs, Symptoms and Other Characteristics:** catching / locking when stands up from sitting

### MEDICATIONS
Protonix
Synthroid

### ALLERGIES
| Allergy To: | | Reaction |
|---|---|---|
| Other Allergies | Steroids | Bone Death, Swelling, Moon Face |

### Past Medical / Social History
**Orthopedic Surgery:**

| Date | Side | Surgery | Physician | Location |
|---|---|---|---|---|
| 10/1991 | Left | shoulder arthroplasty - hemi | B. Mass | UCH |
| 10/1991 | Right | knee arthroplasty - total - primary | L. Pothenger | University of Chicago |
| 04/1992 | Right | shoulder arthroplasty - hemi | B. Mass | UCH |
| 10/1992 | Left | hip arthroplasty - total - primary | L. Pothenger | University of Chicago |
| 10/1993 | Right | hip arthroplasty - total - primary | L. Pothenger | Univesity of Chicago |
| 10/1992 | Left | knee arthroplasty - total - primary | L. Pothenger | University of Chicago |

### Hospital Admissions / Procedures
| Date | Procedure /Problem |
|---|---|
| 1988 | subdural hematoma |

Patient: Cynthia A  Holcomb  En ounter date: 03/01/2012 8:30 AM          **EXHIBIT G**

## X-RAYS
Knee 3 VW - Right    AP, Lateral, Sunrise -weight bearing
   Prosthesis: cemented total knee in good alignment / prosthesis loosening/Osteolysis
Knee 3 VW - Left    AP, Lateral, Sunrise -weight bearing
   Prosthesis: cemented total knee in good alignment / prosthesis loosening/Osteolysis
L Spine 3VW w/spot -    AP, Lateral, Lateral Spot L5S1
   Arthritis: moderate to severe-L5 - S1    Findings: degenerative disc disease
   Arthritis 2: mild to moderate-Lumbar Spine    Findings: degenerative disc disease
Pelvis 1VW AP -   AP
   Prosthesis: press fit total hip in good alignment/PE wear bilat

## LABS
Labs ordered:
CBC with differential
complete metabolic panel
PT Protime / INR
urine screen for bacteria, culture if indicated
EKG
Chest X-Ray

## PHYSICAL THERAPY REFERRAL
Physical Therapy Ordered for:

| Cc | Side | Dx Code | Dx |
|---|---|---|---|
| Knee | bilateral | V43.65 | TOTAL KNEE - CEMENTED |
| Knee | bilateral | 719.46 | PAIN, KNEE |
| Knee | bilateral | | Osteolysis |

| Cc | Side | Dx Code | Dx | |
|---|---|---|---|---|
| Lumbar Spine | left | 722.52 | DEGENERATIVE DISC DISEASE - LUMBAR | LUMBAR |
| Lumbar Spine | left | 720.2 | SACROILITIS    SACROILIAC | |

EVALUATE AND TREAT AS INDICATED
Post-op Therapy to start: 1 week post-op

## IMPRESSION
## DISCUSSION PLAN - ONE

| Cc | Side | Dx Code | Dx |
|---|---|---|---|
| Knee | bilateral | V43.65 | TOTAL KNEE - CEMENTED |
| Knee | bilateral | 719.46 | PAIN, KNEE |
| Knee | bilateral | | Osteolysis |

Tests Reviewed
previous medical records    (By Dr Mark A Klaassen)
Findings: Bilateral total hip arthroplasty, bilateral hemi shoulder arthroplasties and bilateral total knee arthroplasties
Surgery was recommended. See summary below for details.
Continue: activity modification
Follow up in Patient to call

## DISCUSSION PLAN - TWO

| Cc | Side | Dx Code | Dx | |
|---|---|---|---|---|
| Lumbar Spine | left | 722.52 | DEGENERATIVE DISC DISEASE - LUMBAR | LUMBAR |
| Lumbar Spine | left | 720.2 | SACROILITIS    SACROILIAC | |

Tests Reviewed
Patient Chart    Seen Dr Schrock
Follow-up in: next available to: Pain Physician

**Details for Surgery / Procedure that was recommended.**
Surgery Type:
right - Knee - Arthroplasty - Total - Revision (both components) - 27487 /    Knee /
left - Knee - Arthroplasty - Total - Revision (both components) - 27487 /    Knee /
Surgery Risk(s) discussed
The nature of the diagnosis and the recommended treatment plan were discussed with the patient. The indications, risks, and anticipated benefits of the recommended procedure were described. Specific risks of the procedure including allergic reaction, amputation, anesthetic risks, blood transfusion, pain, instability, dislocation, decreased range of motion, DVT, failure to heal, hardware failure, hardware removal, infection, leg length discrepancy, malunion, non-union, paralysis, permanent limp, pneumonia, shortening, stiffness, temporary or permanent nerve injury, unsightly scar, vascular injury, scar tenderness, numbness, fusion, implant wear, osteolysis, revision(s), and death were explained. General risks of any surgical procedure and (local / general / regional) anesthesia were also discussed. Alternative treatment options, including no treatment, were then discussed. The risks, benefits, and anticipated outcomes of each were explained. The patient expressed an understanding of our discussion. All questions and concerns were answered and addressed to the patient's

Patient: Cynthia A Holcomb    Encounter Date: 03/01/2012 8:30 AM



**IBR ALT DOC**

# Income-Based Repayment Plan
## Alternative Documentation of Income
### Federal Family Education Loan Program

OMB No. 1845-0102
Form Approved
Exp. Date 04/30/2013

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying documents is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

### SECTION 1: BORROWER IDENTIFICATION

CYNTHIA A HOLCOMB
1702 LONGWOOD CT
GOSHEN        IN    46526-1469
02

Please
SSN _____
Name _____
Address _____
City, State, Zip Code _____
Telephone - Home ( ) _____
Telephone - Other ( ) _____
E-mail Address (Optional) _____

### SECTION 2: INSTRUCTIONS AND INFORMATION

Type or print using dark ink. If you need help completing this form, contact your loan holder. Return the completed form and any required documentation to the address shown in Section 6.

Complete this form if you want to repay or continue to repay your eligible Federal Family Education Loan Program (FFELP) loan(s) under the Income-Based Repayment (IBR) plan and:

(1) You believe that your adjusted gross income (AGI), as reported on your most recently filed federal income tax return, does not reasonably reflect your current income (and/or your spouse's current income, if you are married and file a joint federal income tax return); your loan holder will make this determination based on the information you provide with this form;

(2) Your loan holder has requested that you provide alternative documentation of income because your loan holder believes that your adjusted gross income (AGI), as reported on your most recently filed federal income tax return, does not reasonably reflect your current income (and/or your spouse's current income, if you are married and file a joint federal income tax return);

(3) You have been notified by your loan holder that the Internal Revenue Service (IRS) is unable to provide your loan holder with documentation of your AGI; or

(4) You have notified your loan holder that you are not required to file a federal income tax return for the most recently ended tax year.

The amount of your monthly payment under the IBR plan is based on your current income (and your spouse's current income, if you are married and file a joint federal income tax return) and is reevaluated annually. To submit alternative documentation of your income, you must attach documentation of that income as described in Section 4, complete this form, including your signature in Section 5, and return it to the address shown in Section 6. If you are married and file a joint federal income tax return, your spouse must also sign in Section 5.

### SECTION 3: SPOUSE INFORMATION (IF YOU ARE MARRIED AND FILE A JOINT FEDERAL INCOME TAX RETURN)

Name _N/A_
Last    First    Middle Initial

Address _____
Number and Street    City    State    Zip Code

### SECTION 4: INCOME INFORMATION (MUST BE COMPLETED BY THE BORROWER AND SPOUSE, IF MARRIED AND FILE A JOINT FEDERAL INCOME TAX RETURN)

You must provide your total annual taxable income from all sources that you currently receive (for example, income from employment, unemployment income, dividend income, interest income, tips, alimony). If you are married and file a joint federal income tax return, you must also provide your spouse's annual taxable income. **Do not report untaxed income such as Supplemental Security Income, child support, or federal or state public assistance.**

You must provide supporting documentation for all income (yours and your spouse's) reported in this section (for example, pay stubs, letters from your employers listing income, interest or bank statements, dividend statements), or, if these forms of documentation are unavailable, a signed statement explaining the income source(s) and giving the name and the address of the source(s). The date on any supporting documentation you provide must be no older than 90 days from the date you sign this form.

Your eligibility for the IBR plan and your payment amount will be determined based on your annual income as supported by the documentation you provide.

☒ Check this box if you do not have any income or receive only untaxed income such as Supplemental Security Income, child support, or federal or state public assistance.

☐ Check this box if you are married and file a joint federal income tax return and your spouse does not have any income or receives only untaxed income such as Supplemental Security Income, child support, or federal or state public assistance.

Complete the items below by entering your annual taxable income (as defined above).

Your annual taxable income: $ _0_ (as supported by the documentation you provide)

Your spouse's annual taxable income, if you are married and file a joint federal income tax return: $_____ (as supported by the documentation you provide)

### SECTION 5: AUTHORIZATION, UNDERSTANDINGS, CERTIFICATION AND SIGNATURE
### (MUST BE COMPLETED BY THE BORROWER AND SPOUSE, IF MARRIED AND FILE A JOINT FEDERAL INCOME TAX RETURN)

- **I authorize** the school, the lender, the guarantor, the U.S. Department of Education, and their respective agents and contractors to contact me regarding my loan(s), including repayment of my loan(s), at the current or any future number that I provide for my cellular telephone or other wireless device using automated telephone dialing equipment or artificial or prerecorded voice or text messages.
- **I understand** that my income information may be requested from the IRS even if alternative documentation of my income is accepted. I understand that if I am married and file a joint federal income tax return with my spouse, my spouse's income information, documentation, and signature are required. I understand I must agree to provide to the loan holder on an annual basis documentation of my income for the purpose of determining my monthly payment amount under the IBR plan.
- **I certify** that all of the information I have provided on this form and in any accompanying documentation is true, complete, and correct to the best of my knowledge and belief.

Borrower Signature _[signed]_    Date (mm-dd-yyyy) _5/10/12_

Spouse Signature (if required) _N/A_    Date (mm-dd-yyyy) _____

*3rd Notice    CC: File
Enclosure: 2011 Tax Return form 1040*

Page 1 of 2

IBD11

**EXHIBIT H**

Department of the Treasury—Internal Revenue Service (99)

# U.S. Individual Income Tax Return  2011  OMB No. 1545-0074  IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2011, or other tax year beginning _____, 2011, ending _____, 20___   See separate instructions.

**Your first name and initial:** Cynthia Ann
**Last name:** Holcomb
**Your social security number:** ____

If a joint return, spouse's first name and initial: ____   Last name: ____   Spouse's social security number: ____

**Home address (number and street). If you have a P.O. box, see instructions.** 1702 Longwood Court   Apt. no. ____

**City, town or post office, state, and ZIP code.** Goshen, IN 46526

Make sure the SSN(s) above and on line 6c are correct.

**Presidential Election Campaign** — Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

**Filing Status** (Check only one box.)
1. ☑ Single
2. ☐ Married filing jointly (even if only one had income)
3. ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4. ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5. ☐ Qualifying widow(er) with dependent child

**Exemptions**
- 6a ☑ Yourself. If someone can claim you as a dependent, do not check box 6a.
- b ☐ Spouse
- c Dependents: (1) First name / Last name (2) Dependent's social security number (3) Dependent's relationship to you (4) ☐ if child under age 17 qualifying for child tax credit

Boxes checked on 6a and 6b: **1**
No. of children on 6c who: • lived with you ___ • did not live with you due to divorce or separation ___ Dependents on 6c not entered above ___
Add numbers on lines above ▶ **1**

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.
If you did not get a W-2, see instructions.

| | | |
|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7  -0- |
| 8a | Taxable interest. Attach Schedule B if required | 8a |
| b | Tax-exempt interest. Do not include on line 8a   8b | |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a |
| b | Qualified dividends   9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes | 10 |
| 11 | Alimony received | 11 |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 |
| 14 | Other gains or (losses). Attach Form 4797 | 14 |
| 15a | IRA distributions   15a ____   b Taxable amount | 15b |
| 16a | Pensions and annuities   16a ____   b Taxable amount | 16b |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 |
| 18 | Farm income or (loss). Attach Schedule F | 18 |
| 19 | Unemployment compensation | 19 |
| 20a | Social security benefits   20a   25446 00   b Taxable amount | 20b  -0- |
| 21 | Other income. List type and amount _____ | 21 |
| 22 | Combine the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 |

*(handwritten: Gross Disability 2011)*

**Adjusted Gross Income**

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | |
|---|---|---|
| 23 | Educator expenses | 23 |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 |
| 25 | Health savings account deduction. Attach Form 8889 | 25 |
| 26 | Moving expenses. Attach Form 3903 | 26 |
| 27 | Deductible part of self-employment tax. Attach Schedule SE | 27 |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 |
| 29 | Self-employed health insurance deduction | 29 |
| 30 | Penalty on early withdrawal of savings | 30 |
| 31a | Alimony paid   b Recipient's SSN ▶ ____ | 31a |
| 32 | IRA deduction | 32 |
| 33 | Student loan interest deduction | 33 |
| 34 | Tuition and fees. Attach Form 8917 | 34 |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 |
| 36 | Add lines 23 through 35 | 36  -0- |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | 37  -0- |

*(handwritten: No medicare Premiums Are Deducted from This)*

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 11320B   Form **1040** (2011)

Page **2**

| | | | | | |
|---|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | | 38 | -0- |
| | 39a | Check if: ☐ You were born before January 2, 1947, ☐ Blind. ☐ Spouse was born before January 2, 1947, ☐ Blind. } Total boxes checked ▶ 39a | | | |
| **Standard Deduction for—** | b | If your spouse itemizes on a separate return or you were a dual-status alien, check here ▶ 39b ☐ | | | |
| • People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions. | 40 | **Itemized deductions** (from Schedule A) or your **standard deduction** (see left margin) | | 40 | 5800 |
| | 41 | Subtract line 40 from line 38 | | 41 | -0- |
| | 42 | **Exemptions.** Multiply $3,700 by the number on line 6d | | 42 | 3700 |
| | 43 | **Taxable income.** Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | 43 | -0- |
| | 44 | **Tax** (see instructions). Check if any from: a ☐ Form(s) 8814  b ☐ Form 4972  c ☐ 962 election | | 44 | -0- |
| • All others: Single or Married filing separately, $5,800 | 45 | **Alternative minimum tax** (see instructions). Attach Form 6251 | | 45 | -0- |
| | 46 | Add lines 44 and 45 ▶ | | 46 | -0- |
| | 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | |
| Married filing jointly or Qualifying widow(er), $11,600 | 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | | |
| | 49 | Education credits from Form 8863, line 23 | 49 | | |
| | 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | | |
| | 51 | Child tax credit (see instructions) | 51 | | |
| Head of household, $8,500 | 52 | Residential energy credits. Attach Form 5695 | 52 | | |
| | 53 | Other credits from Form: a ☐ 3800  b ☐ 8801  c ☐ | 53 | | |
| | 54 | Add lines 47 through 53. These are your **total credits** | | 54 | -0- |
| | 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- ▶ | | 55 | -0- |
| **Other Taxes** | 56 | Self-employment tax. Attach Schedule SE | | 56 | |
| | 57 | Unreported social security and Medicare tax from Form: a ☐ 4137  b ☐ 8919 | | 57 | |
| | 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | | 58 | |
| | 59a | Household employment taxes from Schedule H | | 59a | |
| | b | First-time homebuyer credit repayment. Attach Form 5405 if required | | 59b | |
| | 60 | Other taxes. Enter code(s) from instructions _____ | | 60 | |
| | 61 | Add lines 55 through 60. This is your **total tax** ▶ | | 61 | -0- |
| **Payments** | 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | | |
| | 63 | 2011 estimated tax payments and amount applied from 2010 return | 63 | | |
| If you have a qualifying child, attach Schedule EIC. | 64a | **Earned income credit (EIC)** | 64a | | |
| | b | Nontaxable combat pay election | 64b | | |
| | 65 | Additional child tax credit. Attach Form 8812 | 65 | | |
| | 66 | American opportunity credit from Form 8863, line 14 | 66 | | |
| | 67 | First-time homebuyer credit from Form 5405, line 10 | 67 | | |
| | 68 | Amount paid with request for extension to file | 68 | | |
| | 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | |
| | 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | |
| | 71 | Credits from Form: a ☐ 2439  b ☐ 8839  c ☐ 8801  d ☐ 8885 | 71 | | |
| | 72 | Add lines 62, 63, 64a, and 65 through 71. These are your **total payments** ▶ | | 72 | -0- |
| **Refund** | 73 | If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you **overpaid** | | 73 | -0- |
| | 74a | Amount of line 73 you want **refunded to you.** If Form 8888 is attached, check here ▶ ☐ | | 74a | -0- |
| Direct deposit? See instructions. | b | Routing number | ▶ c Type: ☐ Checking ☐ Savings | | |
| | d | Account number | | | |
| | 75 | Amount of line 73 you want **applied to your 2012 estimated tax** ▶ | 75 | | -0- |
| **Amount You Owe** | 76 | **Amount you owe.** Subtract line 72 from line 61. For details on how to pay, see instructions ▶ | | 76 | -0- |
| | 77 | Estimated tax penalty (see instructions) | 77 | -0- | |
| **Third Party Designee** | Do you want to allow another person to discuss this return with the IRS (see instructions)? ☐ Yes. Complete below. ☒ No | | | | |
| | Designee's name ▶ | Phone no. ▶ | Personal identification number (PIN) ▶ | | |
| **Sign Here** | Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. | | | | |
| Joint return? See instructions. Keep a copy for your records. | Your signature [signed] | Date 1/31/12 | Your occupation Disabled | Daytime phone number 574-536-9470 | |
| | Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) | |
| **Paid Preparer Use Only** | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
| | Firm's name ▶ | | | Firm's EIN ▶ | |
| | Firm's address ▶ | | | Phone no. | |

Form **1040** (2011)



# Income-Based Repayment Plan Request
## Federal Family Education Loan Program

**IBR**

Use this form for initial determination of your eligibility to repay eligible Federal Family Education Loan Program (FFELP) loans under the Income-Based Repayment (IBR) plan or for the required annual reevaluation of your payment amount under the IBR plan.

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying documents is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

OMB No. 1845-0102
Form Approved
Exp. Date 04/30/2013

### SECTION 1: BORROWER IDENTIFICATION

CYNTHIA A HOLCOMB
1702 LONGWOOD CT
GOSHEN       IN  46526-1469
02

Please e.
SSN
Name
Address
City, State, Zip Code
Telephone - Home (     )
Telephone - Other (     )
E-mail Address (Optional)

### SECTION 2: INSTRUCTIONS AND INFORMATION

- Before answering any questions, carefully read the entire form, including Sections 6, 7, and 9. Type or print using dark ink. If you need help completing this form, contact your loan holder. Return the completed form and any required documentation to the address shown in Section 8.
- You may be eligible to use the IBR plan to repay your FFELP loan(s) if you meet the eligibility requirements described in Section 7. An IBR plan calculator is available at studentaid.ed.gov. The calculator evaluates your eligibility for the IBR plan and estimates your IBR plan payment amount. To use the calculator you will need to enter your eligible loan debt, income, family size, and state of residence. The calculator is for informational purposes only; your loan holder will make the official determination of your eligibility and payment amount based on your IBR Plan Request and other required documentation.
- You must provide your loan holder with information about your income that will be used to determine your eligibility for the IBR plan and your IBR payment amount, as described in Section 7.
- If you have eligible loans with more than one loan holder, you must submit a separate IBR request to each holder of the loans you want to repay under the IBR plan. Your request for the IBR plan will apply to all of your eligible loans with the loan holder unless you notify your loan holder that you do not want to use the IBR plan for all of your loans. If you want to exclude a loan from this request, contact your loan holder for further instructions.
- You must promptly submit to your loan holder this complete IBR Plan Request, and one of the following: IRS Form 4506-T, IRS Form 4506T-EZ, or other documentation your loan holder may require (see Section 3). Note: The IRS will not accept IRS Form 4506-T or 4506T-EZ if it is received by the IRS more than 120 days from the date you signed it.

### SECTION 3: REQUIRED INFORMATION AND DOCUMENTATION

**All borrowers** – To request the IBR plan, you must provide each holder of the loans you wish to repay under the IBR plan with the following information and documentation:
1. Your family size (as defined in Section 6): __/__ Note: If you do not enter your family size, your loan holder will assume a family size of one.
2. Either (a) or (b) as required by your loan holder, unless you check the box in #3 below: (a) A completed IRS Form 4506-T or 4506T-EZ providing your consent for the IRS to disclose your AGI and other federal income tax return information to your loan holder. If required, your loan holder will include IRS Form 4506-T or 4506T-EZ with this IBR plan request or will provide instructions for obtaining the IRS forms. (b) Other documentation of your AGI, as specified by your loan holder. *Sent #4506T Direct to IRS in Kansas City,*
3. ☐ Check this box if you were not or are not required to file a federal income tax return for the most recently ended tax year because you did not meet IRS filing requirements. If you check this box, your loan holder will require you to provide alternative documentation of your income.

**Married borrowers only** – You must complete the following if (1) you file a joint federal income tax return with your spouse, and your spouse has loans that are eligible for repayment under the IBR plan (see Section 6) or (2) you and your spouse are joint borrowers of a Federal Consolidation Loan that you want to repay under the IBR plan.

Spouse Name (last, first, MI) _____ Spouse SSN |_|_|_|-|_|_|-|_|_|_|_| Date of Birth (mm-dd-yyyy) _____

☐ Check this box only if you have a Federal Consolidation Loan that you borrowed jointly with your spouse, and you and your spouse want to repay that loan under the IBR plan. Both you and your spouse must sign below. Note: If you are no longer married to the co-borrower of your Federal Consolidation Loan, each of you must complete a separate IBR Plan Request form.

### SECTION 4: ELIGIBLE FFELP LOANS WITH OTHER LOAN HOLDERS AND DIRECT LOANS

Information on your other loans (and, if applicable, your spouse's other loans) will be used to determine your eligibility for the IBR plan and your monthly payment amount. Check each box below that applies.

1. ☒ Check this box only if (a) you have other loans with different holders that are eligible for the IBR plan (see Section 6) and you make payments on those loans to a different holder than the holder to which you submit this form, or (b) you and your spouse are requesting the IBR plan for a Federal Consolidation Loan that you borrowed jointly and your spouse has other loans with different holders that are eligible for the IBR plan, and makes payments on those loans to a different holder than the holder to which you submit this form.

2. ☐ Check this box only if you are married and file a joint federal income tax return, and your spouse has loans that are eligible for repayment under the IBR plan (see Section 6). If you check this box, both you and your spouse must sign below. By signing, your spouse is authorizing the loan holder to access information about his or her federal student loans in the National Student Loan Data System.

### SECTION 5: BORROWER REQUEST, UNDERSTANDINGS, AGREEMENT, AUTHORIZATION, AND CERTIFICATION

- I request to use the IBR plan to repay my eligible FFELP loans held by the holder to which I submit this form, except for any loans that I have requested be excluded from the IBR plan.
- I understand that: (1) If I am entering repayment on my loan(s) for the first time and request the IBR plan, but I do not provide my loan holder with this completed IBR request form and any other documentation required by my loan holder, I will be placed on the standard repayment plan. (2) If I am currently repaying my loan(s) under a different repayment plan and want to change to the IBR plan, my loan holder may grant me a forbearance for up to 60 days in order to collect and process documentation supporting my request for the IBR plan. I am not required to make loan payments during this period of forbearance, but interest will continue to accrue. Unpaid interest that accrues during this maximum 60-day forbearance period will not be capitalized (see Section 6). (3) If I am delinquent in making payments under my current repayment plan at the time I request the IBR plan, my loan holder may grant me a forbearance to cover any payments that are overdue at the time of my request, or that would be overdue by the time my loan holder determines whether I have a partial financial hardship, if that determination takes my loan holder more than 60 days. Unpaid interest that accrues during this forbearance period may be capitalized.
- I authorize the school, the lender, the guarantor, the Department, and their respective agents and contractors to contact me regarding my loan(s), including repayment of my loan(s), at the current or any future number that I provide for my cellular telephone or other wireless device using automated telephone dialing equipment or artificial or prerecorded voice or text messages.
- I certify that all of the information I have provided on this form and in any accompanying documentation is true, complete, and correct to the best of my knowledge and belief.

Borrower Signature _____ Date (mm-dd-yyyy) 5/10/12

Spouse Signature (if required) _____ Date (mm-dd-yyyy) _____

Note: Spouse's signature is required if you checked the box in Section 3 and/or the box in Section 4, Item 2.

*3rd Notice    CC: File,*
*Enclosure 2011 Tax Return form 1040*

Page 1 of 3

H001    E03661    3576    IBA11    942315436425896594



# Income-Based Repayment Plan
## Alternative Documentation of Income
### Federal Family Education Loan Program

**IBR ALT DOC**

OMB No. 1845-0102
Form Approved
Exp. Date 04/30/2013

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying documents is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

### SECTION 1: BORROWER IDENTIFICATION

*Mailed to*
*Sallie Mae*
*PoBox 9500*
*Wilkes Barre, Pa 18773-9500*

Please enter or correct the following information.

SS. 
Name: CYNTHIA HOLCOMB
Address: 1702 LONGWOOD CT Y
City, State, Zip Code: GOSHEN, IN 46526
Telephone - Home ( 574 ) 536-9470
Telephone - Other ( ) None
E-mail Address (Optional)

### SECTION 2: INSTRUCTIONS AND INFORMATION

Type or print using dark ink. If you need help completing this form, contact your loan holder. Return the completed form and any required documentation to the address shown in Section 6.

Complete this form if you want to repay or continue to repay your eligible Federal Family Education Loan Program (FFELP) loan(s) under the Income-Based Repayment (IBR) plan and:

(1) You believe that your adjusted gross income (AGI), as reported on your most recently filed federal income tax return, does not reasonably reflect your current income (and/or your spouse's current income, if you are married and file a joint federal income tax return); your loan holder will make this determination based on the information you provide with this form;

(2) Your loan holder has requested that you provide alternative documentation of income because your loan holder believes that your adjusted gross income (AGI), as reported on your most recently filed federal income tax return, does not reasonably reflect your current income (and/or your spouse's current income, if you are married and file a joint federal income tax return);

(3) You have been notified by your loan holder that the Internal Revenue Service (IRS) is unable to provide your loan holder with documentation of your AGI; or

(4) You have notified your loan holder that you are not required to file a federal income tax return for the most recently ended tax year.

The amount of your monthly payment under the IBR plan is based on your current income (and your spouse's current income, if you are married and file a joint federal income tax return) and is reevaluated annually. To submit alternative documentation of your income, you must attach documentation of that income as described in Section 4, complete this form, including your signature in Section 5, and return it to the address shown in Section 6. If you are married and file a joint federal income tax return, your spouse must also sign in Section 5.

### SECTION 3: SPOUSE INFORMATION (IF YOU ARE MARRIED AND FILE A JOINT FEDERAL INCOME TAX RETURN)

Name _None_
Last / First / Middle Initial
Address
Number and Street / City / State / Zip Code

### SECTION 4: INCOME INFORMATION (MUST BE COMPLETED BY THE BORROWER AND SPOUSE, IF MARRIED AND FILE A JOINT FEDERAL INCOME TAX RETURN)

You must provide your total annual taxable income from all sources that you currently receive (for example, income from employment, unemployment income, dividend income, interest income, tips, alimony). If you are married and file a joint federal income tax return, you must also provide your spouse's annual taxable income. **Do not report untaxed income such as Supplemental Security Income, child support, or federal or state public assistance.**

You must provide supporting documentation for all income (yours and your spouse's) reported in this section (for example, pay stubs, letters from your employers listing income, interest or bank statements, dividend statements), or, if these forms of documentation are unavailable, a signed statement explaining the income source(s) and giving the name and the address of the source(s). The date on any supporting documentation you provide must be no older than 90 days from the date you sign this form.

Your eligibility for the IBR plan and your payment amount will be determined based on your annual income as supported by the documentation you provide.

☒ Check this box if you do not have any income or receive only untaxed income such as Supplemental Security Income, child support, or federal or state public assistance.

☐ Check this box if you are married and file a joint federal income tax return and your spouse does not have any income or receives only untaxed income such as Supplemental Security Income, child support, or federal or state public assistance.

Complete the items below by entering your annual taxable income (as defined above).
Your annual taxable income: $ _0_ (as supported by the documentation you provide)
Your spouse's annual taxable income, if you are married and file a joint federal income tax return: $ _N/A_ (as supported by the documentation you provide)

### SECTION 5: AUTHORIZATION, UNDERSTANDINGS, CERTIFICATION AND SIGNATURE
### (MUST BE COMPLETED BY THE BORROWER AND SPOUSE, IF MARRIED AND FILE A JOINT FEDERAL INCOME TAX RETURN)

■ **I authorize** the school, the lender, the guarantor, the U.S. Department of Education, and their respective agents and contractors to contact me regarding my loan(s), including repayment of my loan(s), at the current or any future number that I provide for my cellular telephone or other wireless device using automated telephone dialing equipment or artificial or prerecorded voice or text messages.

■ **I understand** that my income information may be requested from the IRS even if alternative documentation of my income is accepted. I understand that if I am married and file a joint federal income tax return with my spouse, my spouse's income information, documentation, and signature are required. I understand I must agree to provide to the loan holder on an annual basis documentation of my income for the purpose of determining my monthly payment amount under the IBR plan.

■ **I certify** that all of the information I have provided on this form and in any accompanying documentation is true, complete, and correct to the best of my knowledge and belief.

Borrower Signature _(signed)_ Date (mm-dd-yyyy) 9/1/11
Spouse Signature (if required) _N/A_ Date (mm-dd-yyyy) _N/A_